UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:20-CR-67-KAC-DCP |
| | ) | |
| DESTERYN ARNOLD, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF COMMITMENT FOR**
**MENTAL EXAMINATION AND EVALUATION**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)

for disposition or report and recommendation regarding disposition by the District Judge as may

be appropriate. This matter came before the Court on August 19, 2021, for a video motion hearing

on the Defendant's Motion for Evaluation to Determine Mental Competency Pursuant to 18 U.S.C.

§§ 4241 and 4242 [SEALED Doc. 25][1], filed on August 12, 2021. Assistant United States

Attorney Cynthia F. Davidson appeared by video on behalf of the Government. Assistant Federal

Defender Nakeisha C. Jackson appeared by video and represented the Defendant, who was also

present and appeared by video.

---

[1] The Court permitted Defendant to file this motion under seal, because it contains specific
information about Defendant's mental health [Doc. 24]. However, the August 19 hearing on the
motion was not sealed. The undersigned files this Commitment Order publicly, although the Court
will not refer to the specific details mentioned in the sealed motion. Counsel for Defendant Arnold
is **DIRECTED** to provide the evaluating mental health provider with a copy of the sealed motion
[Doc. 25] and copies of any records pertaining to Defendant's mental health in counsel's
possession.

In his motion, the Defendant asks for a psychological evaluation by the Bureau of Prisons of his competency to understand these proceedings, assist in his defense, to stand trial, and his sanity at the time of the offense. Defense counsel expresses concern regarding the Defendant's mental capacity and his ability to discuss his case with his defense team citing to information received from Defendant and his mother as well as counsel's own interaction with Defendant. Defense counsel noted that Defendant has been placed under suicide watch multiple times since his arrest.

Defense counsel argues that a competency hearing is necessary so that Defendant Arnold's defense team is able to effectively and zealously represent him, provide him with a proper defense, and work and communicate with him. Attorney Jackson represented that she provided a copy of [SEALED Doc. 25] to the Government for review prior the hearing. Defense counsel has also provided notice to the Government of the Defendant's potential use of an insanity defense at trial [Doc. 21].

While the Government did not take a position as to the requested competency evaluation, AUSA Davidson made an oral motion for an evaluation of the Defendant's sanity at the time of the offense under 18 U.S.C. § 4242.

Based upon the information in the sealed motion and presented at the hearing, the Court finds that reasonable cause exists to believe that Defendant Arnold may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Court also concludes that reasonable cause exists to warrant a mental examination and evaluation of the Defendant under 18 U.S.C. § 4241(a)-(b). Accordingly, the Court **GRANTS** the Defendant's motion [**Doc. 25**] to undergo a competency evaluation.

The Court also finds that the Defendant seeks to pursue an insanity defense at trial. To this end, defense counsel has filed a notice of same pursuant to Federal Rule of Criminal Procedure 12.2 [Doc. 21]. Defense counsel asks that the Defendant's sanity at the time of the offense be examined while the Defendant receives the competency evaluation and that he also be evaluated for any mental health medication needs so that Defendant can communicate with counsel about his case. At the motion hearing, the Government made an oral motion for an evaluation pursuant to § 4242. *See* 18 U.S.C. § 4242(a) (providing for a sanity evaluation upon the motion of the government). Thus, the parties' requests for a sanity evaluation are also **GRANTED**.

It is hereby **ORDERED**, pursuant to Title 18, Sections 4241(b), 4242(a), 4247(b), and 4247(c), of the United States Code, as follows:

(1) The Defendant shall remain in custody to await designation for confinement in a suitable facility for the purpose of conducting a psychiatric and/or psychological examination by one or more licensed or certified psychiatric and clinical psychologists. After designation of the facility is received, the Defendant shall be transported by the United States Marshals Service to such facility.

(2) The purpose of the evaluation shall be for one or more licensed or certified psychiatrists and/or clinical psychologists to conduct psychiatric and psychological examinations of the Defendant for the purpose of determining

    (a) whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, and

    (b) to determine the Defendant's sanity at the time of the alleged offense.

(3) Pursuant to Federal Rule of Criminal Procedure 12.2(c), the Defendant is to submit to such examinations as ordered above.

(4) The Defendant shall be given any necessary medications, if determined appropriate by the medical staff at the facility.

(5) The examiner and/or examiners designated to conduct such examinations shall, pursuant to Title 18, United States Code, Section 4247(c), file with the Court, as

soon as possible after the completion of such examinations, a report of their examinations with copies provided to counsel for the Defendant and counsel for the United States, and said report shall include:

(a) the Defendant's history and present symptoms;

(b) a description of the psychiatric, psychological, and medical tests that were employed and their results;

(c) the examiner's findings;

(d) the examiner's opinions as to diagnosis and prognosis,

(e) the examiner's opinion as to whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, and

(f) the examiner's opinion as to the Defendant's sanity at the time of the alleged offenses.

(6)  Pursuant to Title 18, Section 4247(b), of the United States Code, the Defendant shall be committed to the custody of the Attorney General for the purpose of such examinations for a reasonable period of time not to exceed **FORTY-FIVE (45) DAYS**, unless otherwise ordered by the Court.

(7)  The Defendant shall be **FORTHWITH RETURNED** to the custody of the United States Marshal immediately following the completion of the evaluation or the expiration of the forty-five (45) day period, or any reasonable extension of that time period, whichever is sooner.

(8)  A competency hearing and/or status conference is set for **October 25, 2021, at 1:30 p.m.**  If the Defendant has returned and the Court has received the forensic report prior to this time, the Court may schedule a competency hearing on an earlier date.  If the Defendant has not returned or the Court has not received the forensic report by this date, then the matter will proceed as a status conference.

(9)   The United States Marshal shall notify the Clerk of the Court and the undersigned's office promptly when Defendant returns to this jurisdiction from the mental evaluation.  If the Defendant has returned in time, the marshals shall bring him to the **October 25, 2021** competency hearing.

(10)   Because of the length of time necessary to evaluate the Defendant, the Defendant's trial date is held in abeyance, to be reset upon his return to the district, if he is found to be competent.  All time during which the Defendant is undergoing

4

a mental examination for competency, 18 U.S.C. § 3161(h)(1)(A), along with a reasonable time for transportation to and from such examination, 18 U.S.C. § 3161(h)(1)(F), is fully excludable under the Speedy Trial Act.

(11)  The Clerk of Court is **DIRECTED** to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshals Service.

      **IT IS SO ORDERED.**

                              ENTER:

                              Debra C. Poplin
                              United States Magistrate Judge